UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF:　　　　　　　　　　　　　　　　　CIVIL ACTION
BEVERLY INDUSTRIES, LLC

　　　　　　　　　　　　　　　　　　　　　　　　　　NO. 22-1105

　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "G"

## ORDER

　　　　Before the Court is Petitioner Beverly Industries, LLC's ("Petitioner") "Motion for Order Noting Defaults."[1] Petitioner Beverly Industries, LLC ("Petitioner") filed a complaint in this Court on April 22, 2022, claiming the right to exoneration from or limitation of liability for all claims arising out of the voyage on which the DREDGE BELLA ROSE was engaged on or about August 29, 2021, on the Mississippi River.[2] On April 26, 2022, the Court issued an Order approving the affidavit of value, directing issuance of notice to any potential claimants, and restraining the prosecution of any claims against Petitioner arising out of the August 29, 2021 voyage.[3] The Court set a deadline of June 15, 2022 for any potential claimants to file their claims.[4] Petitioner asserts that, since that date has passed, it is entitled to a default judgment against any and all persons who have not filed a claim in this limitation of liability proceeding.[5]

　　　　Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Courts have recognized that a "limitation action also encourages uniformity by subjecting any claimant to a default judgment

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1.

[3] Rec. Doc. 3.

[4] *Id.*

[5] Rec. Doc. 6 at 2.

upon failure to file a claim within the prescribed time in the action."[6] District courts routinely grant motions for default judgment in limitation of liability proceedings where persons were properly notified of the proceeding and failed to timely file a claim.[7]

Rule F(5) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions mandates:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Petitioner fulfilled its obligation to publish notice of the limitation proceeding once a week for four consecutive weeks in *The Times-Picayune, The New Orleans Advocate,* and *The St. Charles Herald*.[8] The notice expressly and clearly stated that the deadline for filing a claim was June 15, 2022, and that a consequence of failing to file a timely claim was default.[9] Counsel also certifies that a copy of the public notice was delivered via email and through the United States Postal Service to the only known claimant, Valero St. Charles Refinery, who confirmed in writing that it did not intend to file a claim.[10]

The deadline mandated by this Court for filing claims and answers has expired. All potential claimants had ample opportunity to file claims or to otherwise seek leave of court to extend the deadline to file a claim. As of this date no claims have been filed. Therefore, the Court finds that under the totality of circumstances, the Motion for Order Noting Defaults can and should

---

[6] *Humphreys v. Hal Antillen, N.V.*, No. 93-3799, 1994 WL 682811, at *2 (E.D. La. Jan. 31, 1994) (quoting *World Prodigy, Lim. Procs.*, 1991 A.M.C. 727, 738 (D.R.I. 1990)).

[7] *See Aldana v. Maybelle Shipping, LLC*, No. 13-553, 2014 WL 3661796 (E.D. La. Sept. 26, 2013; *In re Cooper Marine & Timberlands Corp.*, No. 14-399, 2015 WL 925235 (M.D. La. Mar. 3, 2015); *In re Jana E. II, Inc.*, No. 13-308, 2014 WL 991891 (S.D. Tex. Mar. 13, 2014).

[8] Rec. Doc. 5-1 at 2; Rec. Doc. 5-2 at 2.

[9] Rec. Doc. 5-1 at 3.

[10] Rec. Doc. 5 at 1–2; Rec. Doc. 6-1 at 2.

be granted. Thus, the Court grants the motion. Considering that no claims have been filed in this matter, the Court will stay and administratively close this case to be reopened, if necessary, upon motion of Petitioner or any potential claimant. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Order Noting Default"[11] is **GRANTED**.

**IT IS FURTHER ORDERED** that all persons or entities are hereby in default and barred from entering a claim against Petitioner arising out of the voyage on which the DREDGE BELLA ROSE was engaged on or about August 29, 2021, on the Mississippi River, as described in the complaint.

**IT IS FURTHER ORDERED** that the above captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** to be reopened, if necessary, upon motion of Petitioner or any potential claimant.

**NEW ORLEANS, LOUISIANA**, this 12th day of September, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 6.